Webster *et al. v.* Vickers.

---

John M. Webster, administrator, and Jane Hill, administratrix, of Curtis Hill, deceased, plaintiffs in error, *v.* Eli Vickers, defendant in error.

*Error to Wayne.*

An endorser or assignor of a promissory note, who acted merely as the agent of the endorsee or assignee, in receiving the note as payee, is a good witness for the defendant, to impeach the consideration of the note in the hands of his principal.

Where a cause is tried by the Court below, without the intervention of a jury, the Supreme Court will not, in a doubtful case, disturb the adjudication of the Court below.

This was an action of *assumpsit* commenced by the plaintiffs in error against the defendant in error, before a justice of the peace of Wayne county. The justice rendered judgment for the plaintiffs, for the amount of the note mentioned in the following bill of exceptions, from which an appeal was taken to the Circuit Court of Wayne county, where the cause was tried at the October term, 1837, before the Hon. Justin Harlan, without a jury, and judgment rendered for the defendant.

On the trial in the Court below, the following bill of exceptions was taken :

" Be it remembered, that on the trial of this cause the defendant proved by Thomas Cottingham, that he, the said Cottingham, was employed by Curtis Hill, by the month, to sell clocks ; that among others, he sold a clock to the defendant for which this note, tow it,

" $12,00.                      *State of Illinois, County of White.*

" On or by the twenty-fifth of December, eighteen hundred and thirty-four, I promise to pay Thomas Cottingham or bearer twelve dollars and      cents for value recd., as witness my hand and seal, this the twelfth of December, 1832.

"Thomas Vickers, [l. s.]"

Webster *et al. v.* Vickers.

and another, were given to witness; that witness had no interest in
the matter, but was merely an agent; that witness was authorized
to warrant said clock if well used, to keep time until the notes fell
due, if not he would repair it, or furnish a good one; also to
assure the purchaser that pay would not be required unless the
clock answered the purpose as aforesaid; that witness did so
warrant and represent to defendant. It was proved by witness and
one Story, that the clock never did keep time, though it was re-
paired by witness, and even by Hill himself; but that it was alto-
gether useless as a time-piece. It was proved that whenever wit-
ness or Hill were called on, that they repaired said clock, but that
it did not keep good time afterwards. Cottingham assigned the
note before it became due. The defence relied on was that there
was no consideration, and a failure of the consideration for which
the note was given. The Court decided in favor of the defend-
ant, to which decision the plaintiffs except, and pray that this
their bill of exceptions be signed, sealed, and made a part of the
record. This was the whole of the evidence in the above cause.

"J. HARLAN, [SEAL.]"

The cause was brought to this Court by writ of error, and the
following errors assigned:

1. Thomas Cottingham, the payee of the note sued on, was
improperly admitted by the Court below as a witness in the suit.

2. The Court below improperly admitted parol evidence to
contradict the note, and to explain and vary the contract.

3. It was not proved that the clock was well used by the de-
fendant below.

4. The judgment should have been for the plaintiffs on the
ground that there was no breach of warranty.

O. B. FICKLIN, for the plaintiffs in error.

E. B. WEBB, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

The error principally relied upon in this case is, that the Court
admitted the payee of the note, upon which the plaintiff had
sued as his assignee, to testify that he had no interest in the mat-
ter; but that in taking the note in question, (which he had as-
signed to the plaintiff) and in the sale of the property for which
it was given, he had acted as the agent of the plaintiff; and also,
that agreeably to his authority as agent, he had warranted the
property sold, and that the warranty had been broken, and that
the consideration had failed, &c.

The general rule is that an agent is a good witness; and noth-
ing is shown by the bill of exceptions in this case, to take it out
of that rule. The witness is not called by his principal, to sup-
port a claim in which he might be supposed to have an interest;
but he is offered by the opposite party, and his testimony makes

against the interest of his principal, and also against any interest, which he might be supposed to have, in the recovery of the amount of the note from the obligor. There was no error therefore in receiving his testimony.

Whether the defence set up to the action, was made out by the evidence, might possibly admit of some doubts ; but inasmuch as it is a doubtful point, we are not disposed to disturb an adjudication made upon a personal examination of the witnesses ; and under circumstances every way calculated to enable the Court to come to a correct conclusion as to the matters of fact in controversy.

The judgment is affirmed with costs.

*Judgment affirmed.*